# EXHIBIT A

# Verification, Case Docket and Superior Court Documents

1

2

<u>VERIFICATION</u>

3    STATE OF ARIZONA          )

4    COUNTY OF MARICOPA        )                    ) ss.

5

6        I, MICHAEL G. GAUGHAN, hereby state, under the penalty of perjury, that the

7    following information is true to the best of my knowledge:

8        1.    I am the attorney for the State of Arizona, Alicia Nemlowill and Ken

9    Dinquel in the matter of *Slater, et al. v. The State of Arizona, et al.,* CV2018-097090,

10   currently pending in the Superior Court of the State of Arizona, County of Maricopa,

11   before the Honorable Janice Crawford.

12       2.    On November 28, 2018, I filed a Notice of Removal under 28 U.S.C. §

13   1441(a) seeking to remove *Slater, et al. v. The State of Arizona, et al.,* CV2018-097090,

14   to the United States District Court for the District of Arizona.

15       3.    In compliance with 28 U.S.C. § 1446(a) and L.R. Civ. 3.6(b), I certify that

16   the attached documents are true and accurate copies of pleadings and other documents

17   that were filed in the Superior Court of the State of Arizona, Maricopa County, in *Slater,*

18   *et al. v. The State of Arizona, et al.,* CV2018-097090.

19       4.    Also attached is a true and accurate copy of the court docket in *Slater, et al.*

20   *v. The State of Arizona, et al.,* CV2018-097090.

21       I declare under penalty of perjury that the foregoing is true and correct to the best

22   of my knowledge.

23       DATED this 29th day of November, 2018.

24

25                               Michael G. Gaughan

                              MICHAEL G. GAUGHAN

26   #7485588

Civil Court Case Information - Case History

## Case Information

Case
Number:     CV2018-097090    Judge:     Crawford, Janice
File Date:   10/26/2018              Location: Southeast
Case Type: Civil

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Nicholas Willard Slater | Plaintiff | Male | Jody Broaddus |
| Kelly Mary Slater | Plaintiff | Female | Jody Broaddus |
| State Of Arizona, The | Defendant | | Pro Per |
| Alicia Nemlowill | Defendant | Female | Pro Per |
| Ken Dinquel | Defendant | Male | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 11/16/2018 | NDI - Notice Of Dismissal | 11/19/2018 | |

**NOTE:** Notice of Dismissal of Defendants Doe Nemlowill and Doe Dinquel

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 10/26/2018 | COM - Complaint | 10/29/2018 | |
| 10/26/2018 | CCN - Cert Arbitration - Not Subject | 10/29/2018 | |
| 10/26/2018 | CSH - Coversheet | 10/29/2018 | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

```
                                    CHRIS DEROSE
                              Clerk of the Superior Court
                               By Vanessa Martinez, Deputy
                              Date 10/26/2018 Time 15:05:02
                              Description               Amount
                              ——— CASE# CV2018-097090 ———
                              CIVIL NEW COMPLAINT         333.00

                              TOTAL AMOUNT               333.00
                                       Receipt# 26872846
```

1  **Marc J. Victor, SBN 016064**
   **Jody L. Broaddus, SBN 020122**
2  ATTORNEYS FOR FREEDOM
   3185 South Price Road
3  Chandler, Arizona 85248
4  Phone: (480) 755-7110
   Fax: (480) 857-0150
5  Marc@AttorneyForFreedom.com
6  Jody@AttorneyForFreedom.com
   *Attorneys for Plaintiff*
7

8         **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9              **IN AND FOR THE COUNTY OF MARICOPA**

10
   NICHOLAS WILLARD SLATER and          Case No.:
11 KELLY MARY SLATER, husband and wife,
                                        CV2018-097090
12                Plaintiff,
                                        **COMPLAINT**
13 v.

14 THE STATE OF ARIZONA, a municipal    **(Civil Rights, Conspiracy to Violate**
   entity; ALICIA NEMLOWILL and DOE     **Civil Rights, Defamation, Negligence)**
15 NEMLOWILL, wife and spouse; KEN
   DINQUEL and DOE DINQUEL, husband and
16 spouse,                              (Jury Trial Demanded)
17
                 Defendants.
18
19         Plaintiffs Nicholas Slater and Kelly Mary Slater ("Plaintiffs"), by and through counsel

20 undersigned, for their Complaint against Defendants alleges as follows:

21                      **PARTIES, JURISDICTION, AND VENUE**

22         1.      Plaintiffs bring this action pursuant to 42 U.S.C § 1983; the Fourth and Fourteenth

23 Amendments of the United States Constitution; and pendent state common and statutory laws.

24         2.      Jurisdiction and venue are proper in the Court pursuant to A.R.S. § 12-122, *et seq*;

25 A.R.S. § 12-401.

26         3.      The events at issue in this lawsuit occurred in Maricopa County, Arizona.

4.      Plaintiffs, at all relevant times, were residents of Maricopa County in the State of Arizona.

5.      Defendant State of Arizona (hereinafter referred to as "Arizona") is a municipal corporation formed and designated as such pursuant to Title 9 of the Arizona Revised Statutes. Arizona is subject to a civil suit and may be held liable both independently and vicariously, as permitted by federal and state law, for the wrongful conduct of its officers, employees, agents, districts, and divisions/sub-divisions, including the Arizona Game and Fish Department ("AZGF") and its officers and employees.

6.      At all times material to this Complaint, Defendants Alicia Nemlowill ("Nemlowill") and Doe Nemlowill were residents of Maricopa County in the State of Arizona, and Defendant Nemlowill was acting for and on behalf of her marital community with Doe Nemlowill.

7.      At all times material to this Complaint, Defendants Ken Dinquel ("Dinquel") and Doe Dinquel were residents of Maricopa County in the State of Arizona, and Defendant Dinquel was acting for and on behalf of his marital community with Doe Dinquel.

8.      At all times material to this Complaint, Defendant Nemlowill and Dinquel were agents and employees of Defendant Arizona and, at the time of the events complained of herein, were acting within the course and scope of their employment with the State of Arizona. Defendant Nemlowill and Dinquel are sued in both their official capacity for purposes of Plaintiffs' state law claims and in her individual capacities for purposes of Plaintiffs' claims under 42 U.S.C. § 1983.

9.      On or about January 16, 2018, Plaintiffs submitted a notice of claim pursuant to A.R.S. § 12-821.01 for damages arising from the events complained of and alleged herein.

## DISCOVERY TIER

10.     Pursuant to Ariz. R. Civ. P. 26.2(c)(3), the Court should assign this case to the following tier based on the amount of damages requested:

☐ Tier 1 = Actions claiming $50,000 or less in damages.

- 2 -

☐ Tier 2 = Actions claiming more than $50,000 and less than $300,000.00 in damages,

OR Actions claiming nonmonetary relief.

☒ Tier 3 = Actions claiming $300,000 or more in damages.

## GENERAL ALLEGATIONS

11.     On November 1, 2017, approximately ten (10) AZGF officers arrived at the Plaintiffs' residence to execute a search warrant.

12.     The Plaintiffs utilize a nanny for child care services, and when the AZGF officers arrived at the Plaintiffs' home, only the nanny was there with two of the Plaintiffs' three children.

13.     The nanny called the Plaintiffs immediately and advised the officers that the homeowners would be back momentarily.  Despite this, the AZGF officers then proceeded to enter the residence from the back door.

14.     The AZGF officers pointed their assault rifles at the Plaintiffs' children, who were approximately three (3) years old and 19 months old at the time, while carelessly searching the premises.

15.     Once Plaintiffs arrived at their home, the AZGF agents continued to brandish their weapons at the Plaintiffs and their family for no reason other than to intimidate and threaten Plaintiffs.

16.     The AZGF officers mocked and laughed at the Plaintiffs for their concerns about their children having loaded assault rifles pointed directly at them.

17.     Defendant Dinquel prohibited Plaintiffs from recording the events that transpired by forcibly removing any devices to do so from their possession.

18.     Plaintiffs requested to speak with Defendant Nemlowill because they were aware that she was the investigator assigned to the ongoing case regarding their hunting licenses.  The AZGF officers denied that anyone with that name was involved with this case.

19.     The AZGF officers proceeded to terrorize the Plaintiffs and their family while recklessly rummaging through Plaintiffs' property, damaging their property, and leaving their home in serious disorder.

20.     The AZGF officers seized items during the search, including, but not limited to computers, phones, an electronic tablet as well as other devices, physical document files containing W2's and other identification information, and a set of antlers, and other items.

21.     Several items that were taken by the AZGF officers exceeded the scope of the search warrant and remain unaccounted for, including a thousand dollars cash, a pearl necklace, and a range finder.

22.     The AZGF officers repeatedly attempted to question Plaintiffs, even though Plaintiffs requested an attorney.

23.     Over an hour after the AZGF officers appeared at the Plaintiffs' residence, Defendant Nemlowill arrived.  Even though Plaintiffs adamantly requested an attorney to be present for the investigation, Defendant Nemlowill continued to repeatedly question the Plaintiffs. After Defendant Nemlowill issued several citations, Defendant Nemlowill and AZGF officers left the Plaintiffs' residence.

24.     Plaintiff Nicholas Slater was later contacted by Dr. Smith, a Dean at the university that Plaintiff attended at that time, who stated that Defendant Nemlowill met with him, another Dean, and a security officer at the school, where Defendant Nemlowill made numerous false and defamatory statements concerning Plaintiff Nicholas Slater.

25.     Defendant Nemlowill intentionally provided these agents of the university with false information, including, but not limited to, that Plaintiff Nicholas Slater was a white supremacist, a racist, a drug dealer, a drug addict, and that AZGF had found drugs at Plaintiff's residence.  Defendant Nemlowill also stated that Plaintiff Nicholas Slater would not be returning to the school because of the amount of legal trouble he was in and that he was on the run from law

enforcement, and had several warrants out for his arrest in multiple states. Defendant Nemlowill also told the university officials that Plaintiff Nicholas Slater's previous attorney withdrew his representation because he was a liar and not forthcoming.

26.     Defendant Nemlowill purposefully intended to injure and defame Plaintiff Nicholas Slater by knowingly making these false statements.

27.     Defendant Nemlowill's actions have detrimentally impacted Plaintiff Nicholas Slater's reputation and career.

28.     Despite knowledge of the young children on the premises one of the AZGF agents left his keys in the children's play room in a location where they were accessible to the young children. Plaintiffs' young toddler put the keys in their mouth and began to choke. Luckily, Plaintiffs noticed that their toddler was choking and immediately took him to the hospital. During the trip to the hospital, Plaintiff Nicholas Slater was able to dislodge the keys from the child's esophagus, but damage was already done to the child's throat.

29.     Defendants' acts were made with evil motives and a reckless indifference to Plaintiff's rights, warranting an award of punitive damages.

30.     The Fourth Amendment of the United States Constitution provides as follows: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

31.     The Fourteenth Amendment makes the requirements of the Fourth Amendment and the case law interpreting same applicable and binding upon all states and the municipalities contained therein.

32.     Defendants violated the following clearly established and well-settled constitutional rights of the Plaintiffs, including the right to be free from unlawful searches and seizure of their persons, and the use of excessive, unreasonable, and unjustified force against their persons.

33.     As a result of the wrongful acts of Defendants, Plaintiffs and their family were traumatized and have suffered serious emotional distress.  Further, Plaintiff Nicholas Slater's reputation has been compromised and placed in a negative light.

34.     As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiffs suffered, and continue to suffer, a deprivation of their civil rights, mental anguish, distress, embarrassment, humiliation, and damages in an amount to be proven at trial.

## COUNT I

### Civil Rights Violations – 42 U.S.C. § 1983

### (Against Defendants Nemlowill and Dinquel)

35.     Plaintiffs incorporate, by reference, the above allegations, as if set forth fully herein.

36.     At all times material hereto, Defendants Nemlowill and Dinquel were acting under the color of law and within the course and scope of their employment.

37.     The wrongful conduct of the Defendants deprived Plaintiffs of their rights secured to them by the United States Constitution and laws of the United States, including, among other things, the right to be free from unreasonable search and seizure and the right to be free from unreasonable, unjustified, and excessive force.

38.     Defendants Nemlowill and Dinquel's acts and omissions are the result of Defendant Arizona's unconstitutional policies, practices, and procedures, relating to establishing probable cause, investigations, detainment, and arrests.

39.     The wrongful conduct of the Defendants constitutes violations of the Fourth and Fourteenth Amendments of the United States Constitution.

40.     Plaintiffs claim damages for the violations of their constitutional rights and additional damages stemming therefrom under tort principles for the excessive force to their person, set forth above under 42 U.S.C. § 1983 against Defendants for a violation of Plaintiffs' constitutional rights under color of law.

41.     As a result of the wrongful acts of Defendants, Plaintiff Nicholas Slater's reputation has been compromised and placed in a negative light.

42.     As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff suffered, and continues to suffer, a deprivation of his civil rights, mental anguish, distress, embarrassment, humiliation, and damages in an amount to be proven at trial.

## COUNT II

### Conspiracy to Violate Civil Rights – 42 U.S.C. § 1985

### (Against Defendants Nemlowill and Dinquel)

43.     Plaintiffs incorporate, by reference, the above allegations, as if set forth fully herein.

44.     By virtue of the foregoing, Defendants and two or more of them, conspired for the purpose of depriving Plaintiff of (a) equal protection of the law; and (b) equal protection and immunities under the law; and for the purpose of preventing and hindering the constituted authorities from giving and securing to Plaintiff equal protection of the law and deprivation of liberty and property without due process of law.

45.     Defendants, and each of them, did and caused to be done, an act or acts in furtherance of the object of the conspiracy, whereby Plaintiffs were deprived of the rights and privileges as set forth above.

46.     As a direct and proximate result of the conspiracy, Plaintiffs' rights were violated, and they sustained damages in an amount to be proven at trial.

## COUNT III

### Violation of Plaintiffs' Rights Under the Arizona Constitution

47.     Plaintiffs incorporate, by reference, the above allegations, as if set forth fully herein.

48.     Defendants' wrongful conduct deprived Plaintiffs of their rights secured to them by the Arizona Constitution and laws of the State of Arizona, including, among other things, the right to be free from unreasonable search and seizure; the right to be free from unreasonable, unjustified, and excessive force.

49.     Defendants' acts and omissions are the result of Defendant Arizona's unconstitutional policies, practices, and procedures, relating to establishing investigations, detainment, and arrests.

50.     Defendants' acts and omissions constitute violations of, among others, Article Two, Sections Four, and Eight of the Arizona Constitution.

51.     Plaintiffs claim damages for the violations of their constitutional rights and additional damages stemming therefrom under tort principles for the excessive force to their persons against Defendants for a violation of Plaintiffs' constitutional rights.

52.     As a result of the wrongful acts of Defendants, Plaintiff Nicholas Slater's reputation has been compromised and placed in a negative light.

53.     As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiffs suffered, and continue to suffer, a deprivation of their civil rights, mental anguish, distress, embarrassment, humiliation, and damages in an amount to be proven at trial.

## COUNT IV

## Defamation

## (Against Defendant Nemlowill)

62.     Plaintiffs incorporate, by reference, the above allegations, as if set forth fully herein.

54.     Defendant made multiple false and defamatory statements about Plaintiff Nicholas Slater including, but not limited to, statements that Plaintiff is a liar, a white supremacist, a racist, a drug dealer, a drug addict, and that AZGF had found drugs at Plaintiff's residence.  Defendant

Nemlowill also stated that Plaintiff Nicholas Slater would not be returning to school because of the amount of legal trouble he was in and that he was on the run from law enforcement, and had several warrants out for his arrest in multiple states.

63.     Defendant's statements are false, and they impugn Plaintiff's honesty, integrity, virtue, and reputation.

64.     Defendant made the false and defamatory statements to third-parties.

65.     The false and defamatory statements have caused and will continue to cause, Plaintiff to incur damages exceeding $1,000,000.00.

66.     At the time Defendant was making the statements, she knew the statements were false and defamatory, and/or she acted in reckless disregard of the lack of veracity of the statements.

67.     As a result of Defendant's wrongful acts, Plaintiff suffered damage to his reputation and integrity, and it is reasonable he will continue to suffer in the future.

68.     As a result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer emotional distress, humiliation, inconvenience, and anxiety as a result of Defendant's false and defamatory statements.

69.     As a result of Defendant's wrongful acts, Plaintiff has experienced, and will continue to experience, damages in an amount to be proven at trial.

## COUNT V

## NEGLIGENCE

70.     Plaintiffs incorporate, by reference, the above allegations, as if set forth fully herein.

71.     Defendants have a statutory and common law duty to assure the safety and well-being of persons and a duty to protect Plaintiffs and their children from harm that may be caused by the use of unnecessary, unreasonable, or excessive force.

72.     Defendants acted and/or failed to act, despite knowing or having reason to know that Plaintiffs and their family would be inappropriately subjected to an unreasonable risk of serious harm and injury or death as a result of their actions and/or inactions.

73.     Defendants subjected the Plaintiffs and their family to reckless and excessive force, and/or failed to intervene to prevent use of such force, as alleged above.

74.     A reasonable person under the same circumstances would have known that the Plaintiffs and their family were inappropriately subjected to the use of unreasonable and unjustified force.

75.     Defendants were grossly negligent, as identified by the allegations set forth in the paragraphs above by, among others and without limitation: subjecting Plaintiffs and their family to excessive force, pointing assault rifles at minor children, and failing to properly follow the applicable protocols, practices, policies, training, and standards of law enforcement.

76.     The AZGF officers were, at all times material hereto, acting within the course and scope of their employment, and Defendant Arizona is vicariously liable for the actions of the AZGF officers and the individual defendants.

77.     Defendants breached their duties owed to the Plaintiffs and their family, as identified by the claims, facts, and allegations set forth in the paragraphs above.

78.     The AZGF officers' excessive force was the result of Defendant Arizona's unconstitutional policies, practices, and procedures, including but not limited to a failure to train their law enforcement officers as to the circumstances in which such force may be used.

79.     As the result of Defendants' negligence, Plaintiffs and their minor children have been absolutely traumatized, have suffered, and will continue to suffer grief, sorrow, anguish, stress, shock, and mental suffering; and economic and non-economic damages in an amount to be proven at trial.

80.     Defendant Arizona breached their duties, as identified by the allegations set forth in the paragraphs above, by (among others and without limitation): failing to properly screen, hire, retain and supervise its employees; ratifying improper conditions, customs, policies, procedures, and/or practices by inaction; implementing, utilizing, and/or permitting to exist unreasonable dangerous policies, practices, protocols, customs, and training (or lack thereof) with respect to (among others and without limitation) the use of force; approaching, arresting, and/or responding to citizens; failing to appropriately hire, retain and supervise its employees.

81.     Defendants breached their duties owed to the Plaintiffs and their family, as identified by the claims, facts, and allegations set forth in the paragraphs above.

82.     Defendants' breaches of duty caused or contributed to the cause of Plaintiffs' emotional stress and trauma.

83.     As a direct and proximate result of Defendants' grossly negligent acts and omissions, the Plaintiffs have been damaged in an amount to be proven at trial.

84.     Defendants' conduct was engaged in with intent to cause injury, was wrongful conduct motivated by spite or ill will or the involved officers acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of the Plaintiffs.  Indeed, Defendants' callous disregard was further accentuated by Defendants' laughing and mocking Plaintiff Nicholas Slater as they pointed their guns at Plaintiff Nicholas Slater.  Defendants consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to the Plaintiffs and their family.  Moreover, deterrence and punishment are appropriate.  Therefore, Plaintiffs are entitled to an award for punitive damages.

85.     Further, Defendants recklessly and carelessly violated HIPAA protections owed to Plaintiff Nicholas Slater in that AZGF wrongfully disclosed information gathered in their investigation to prosecute Plaintiff Nicholas Slater's father, in a separate matter that is wholly

irrelevant to Plaintiff Nicholas Slater, by disclosing specific information related to Plaintiff Nicholas Slater's health records.

## JURY TRIAL

Plaintiff hereby requests and demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Plaintiff requests damages and judgment against Defendants for the following:

a)      General, compensatory, and special damages in an amount to be proved at trial;

b)      Punitive damages in an amount deemed just and reasonable;

c)      Attorneys' fees and costs;

d)      Such other and further relief which may seem just and reasonable under the circumstances.

RESPECTFULLY SUBMITTED this 26th day of October, 2018.

ATTORNEYS FOR FREEDOM

By: _____
Marc J. Victor, Esq.
Jody L. Broaddus, Esq.
*Attorneys for Plaintiff*

CHRIS DEROSE, CLERK
BY S Allen DEP

S. ALLEN, FILED
18 OCT 26 PM 3: 06

1  **Marc J. Victor, SBN 016064**
**Jody L. Broaddus, SBN 020122**
2  **ATTORNEYS FOR FREEDOM**
3185 South Price Road
3  Chandler, Arizona 85248
Phone: (480) 755-7110
4  Fax: (480) 857-0150
5  Marc@AttorneyForFreedom.com
Jody@AttorneyForFreedom.com
6  *Attorneys for Plaintiff*

7

8  ## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9  ## IN AND FOR THE COUNTY OF MARICOPA

10

11  NICHOLAS WILLARD SLATER and
KELLY MARY SLATER, husband and wife,
12

Case No.:   CV 2018-097090

13  Plaintiff,

**CERTIFICATE OF COMPULSORY ARBITRATION**

14  v.

15  THE STATE OF ARIZONA, a municipal
entity; ALICIA NEMLOWILL and DOE
16  NEMLOWILL, wife and spouse; KEN
DINQUEL and DOE DINQUEL, husband and
17  spouse,

18  Defendants.

19

20  The undersigned certifies that she knows the dollar limits and any other limitations set forth

21  by the local rules of practice for this court, and further certifies that this case is **NOT** subject to

22  compulsory arbitration, as provided by Rules 72 through 76 of the Arizona Rules of Civil

23  Procedure.

24  DATED this 26ᵗʰ day of October, 2018.

25

26

ATTORNEYS FOR FREEDOM

By:

Marc J. Victor, Esq.
Jody L. Broaddus, Esq.
*Attorneys for Plaintiff*

**In the Superior Court of the State of Arizona**
**in and for the County of** Maricopa

Case Number _CV 2018 097090_

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney Jody Broaddus

Attorney Bar Number 020122

**Is Interpreter Needed?** ☐ Yes ☒ No
If yes, what language:

COPY

OCT 26 2018

CHRIS DEROSE, CLERK
V. MARTINEZ
DEPUTY CLERK

Plaintiff's Name(s):  (List all)      Plaintiff's Address:      Phone #:      Email Address:
Nicholas Slater

Kelly Mary Slater

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s):  (List All)
The State of Arizona

Alicia Nemlowill

(List additional Defendants on page two and/or attach a separate sheet)

## NATURE OF ACTION

(Place an "X" next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**

☒ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort

☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**

☐ 121 Physician M.D.   ☐ 123 Hospital
☐ 122 Physician D.O    ☐ 124 Other

**130 CONTRACTS:**

☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds-Sale
☐ Construction Defects (Residential/Commercial)
    ☐ 136 Six to Nineteen Structures
    ☐ 137 Twenty or More Structures

**150-199 OTHER CIVIL CASE TYPES:**

☐ 156 Eminent Domain/Condemnation
☐ 151 Eviction Actions (Forcible and Special Detainers)
☐ 152 Change of Name
☐ 153 Transcript of Judgment
☐ 154 Foreign Judgment
☐ 158 Quiet Title
☐ 160 Forfeiture
☐ 175 Election Challenge
☐ 179 NCC-Employer Sanction Action
    (A.R.S. §23-212)

©Superior Court of Arizona in Maricopa County      Page 1 of 2      CV10f – 070118
ALL RIGHTS RESERVED

Case No._____

☐ 180 Injunction against Workplace Harassment
☐ 181 Injunction against Harassment
☐ 182 Civil Penalty
☐ 186 Water Rights (Not General Stream Adjudication)
☐ 187 Real Property
☐ Special Action against Lower Courts
   (See Lower Court Appeal cover sheet in Maricopa)
☐ 194 Immigration Enforcement Challenge
   (A.R.S. §§1-501, 1-502, 11-1051)

### 150-199 UNCLASSIFIED CIVIL:

☐ Administrative Review
   (See Lower Court Appeal cover sheet in Maricopa)
☐ 150 Tax Appeal
   (All other tax matters must be filed in the AZ Tax
   Court)
☐ 155 Declaratory Judgment
☐ 157 Habeas Corpus
☐ 184 Landlord Tenant Dispute- Other
☐ 190 Declaration of Factual Innocence
   (A.R.S. §12-771)

☐ 191 Declaration of Factual Improper Party Status
☐ 193 Vulnerable Adult (A.R.S. §46-451)
☐ 165 Tribal Judgment
☐ 167 Structured Settlement (A.R.S. §12-2901)
☐ 169 Attorney Conservatorships (State Bar)
☐ 170 Unauthorized Practice of Law (State Bar)
☐ 171 Out-of-State Deposition for Foreign Jurisdiction
☐ 172 Secure Attendance of Prisoner
☐ 173 Assurance of Discontinuance
☐ 174 In-State Deposition for Foreign Jurisdiction
☐ 176 Eminent Domain– Light Rail Only
☐ 177 Interpleader– Automobile Only
☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐ 183 Employment Dispute- Discrimination
☐ 185 Employment Dispute-Other
☐ 196 Verified Rule 45.2 Petition
☐ 195(a) Amendment of Marriage License
☐ 195(b) Amendment of Birth Certificate
☐ 163 Other _____
          (Specify)

### RULE 26.2 DISCOVERY TIER or AMOUNT PLEADED:

(State the amount in controversy pleaded or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.)

☐ Amount Pleaded $ _____    ☐ Tier 1    ☐ Tier 2    ☒ Tier 3

### EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order    ☐ Provisional Remedy    ☐ OSC    ☐ Election Challenge
☐ Employer Sanction    ☐ Other (Specify) _____

### COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the commercial Court. More information on the commercial Court, including the most recent forms, are available on the Court's website at https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

Doe Nemiowill, Ken Dinquel, Doe Dinquel

_____

_____

Chris DeRose, Clerk of Court
*** Electronically Filed ***
K. Vega, Deputy
11/16/2018 12:27:00 PM
Filing ID 9896251

**Marc J. Victor, SBN 016064**
**Jody L. Broaddus, SBN 020122**
ATTORNEYS FOR FREEDOM
3185 South Price Road
Chandler, Arizona 85248
Phone: (480) 755-7110
Fax: (480) 857-0150
Marc@AttorneyForFreedom.com
Jody@AttorneyForFreedom.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| NICHOLAS WILLARD SLATER and KELLY MARY SLATER, husband and wife, <br><br> Plaintiff, <br><br> v. <br><br> THE STATE OF ARIZONA, a municipal entity; ALICIA NEMLOWILL and DOE NEMLOWILL, wife and spouse; KEN DINQUEL and DOE DINQUEL, husband and spouse, <br><br> Defendants. | Case No.: CV2018-097090 <br><br> **NOTICE OF DISMISSAL OF DEFENDANTS DOE NEMLOWILL AND DOE DINQUEL** |

Plaintiffs Nicholas Willard Slater and Kelly Mary Slater, by and through undersigned counsel, hereby give notice of voluntary dismissal of Defendants Doe Nemlowill and Doe Dinquel only.

DATED this 16th day of November, 2018.

ATTORNEYS FOR FREEDOM


By:   _/s/ Jody L. Broaddus_____
      Marc J. Victor, Esq.
      Jody L. Broaddus, Esq.
      *Attorneys for Plaintiff*

CHRIS DEROSE, CLERK
RECEIVED CCC #4
NIGHT DEPOSITORY

18 NOV 20  AM 11: 06

FILED BY: _I. Bldjcs_

Attorneys for Freedom Law Firm
3185 South Price Road
Chandler, AZ 85248
(480) 765-7110

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

NICHOLAS WILLARD SLATER and KELLY
MARY SLATER, husband and wife

                       Plaintiff,

      vs.

THE STATE OF ARIZONA, a municipal
entity; et al.

                  Defendant.

Case Number: CV2018-097090

RETURN OF SERVICE

Received by Maricopa County Process Service, PLLC on the 16th day of November, 2018 at 11:57 am to be served on **Ken Dinquel, c/o AZ Fish and Game Department, 5000 West Carefree Highway, Phoenix, AZ 85086.**

I, Jim Miller, Process Server, do hereby affirm that on the **19th day of November, 2018 at 1:54 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Civil Cover Sheet, Summons, Complaint and Certificate of Compulsory Arbitration**, to: Ken Dinquel at the address of: **c/o AZ Fish and Game Department, 5000 West Carefree Highway, Phoenix, AZ 85086**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 45, Sex: M, Race/Skin Color: White, Height: 6'1", Weight: 200, Hair: Light Brown, Glasses: N

**Service Fee Items:**

| | |
|---|---|
| Standard Service of Process | $70.00 |
| Total | $70.00 |

## RETURN OF SERVICE For CV2018-097090

I certify that I am over the age of 18, have no interest in the above action; and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

I certify by my signature below that this Return of Service was executed electronically by the Certified Process Server whose information appears below the signature, that the Process Server has reviewed the information entered electronically, and that the Process Server's certification is in good standing.

Gregory M Urroz #MC8253 (Maricopa County)
Supervising Process Server

Jim Miller, Process Server
Maricopa County, #MC7345

Maricopa County Process Service, PLLC
600 E Baseline Rd
Suite B6
Tempe, AZ 85283
(602) 424-7474

Our Job Serial Number: GUR-2018004117
Ref: CV2018-097090 - Ken Dinquel

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2n



CHRIS DEROSE, CLERK
RECEIVED CUC #4
NIGHT DEPOSITORY

18 NOV 20  AM 11: 06

FILED BY: _T.Bridges_

Attorneys for Freedom Law Firm
3185 South Price Road
Chandler, AZ 85248
(480) 765-7110

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

**NICHOLAS WILLARD SLATER and KELLY**
**MARY SLATER, husband and wife**

                         Plaintiff,

    vs.

**THE STATE OF ARIZONA,  a municipal entity;**
**et al.**

                         Defendant.

Case Number: CV2018-097090

**RETURN OF SERVICE**

Received by Maricopa County Process Service, PLLC on the 16th day of November, 2018 at 11:57 am to be served on **THE STATE OF ARIZONA,  a municipal entity, 2005 N. Central Ave., Phoenix, AZ 85004.**

I, Gregory M Urroz, Process Server, do hereby affirm that on the **19th day of November, 2018** at **10:47 am, I:**

served a **GOVERNMENT AGENCY** by delivering a true copy of the **Civil Cover Sheet, Summons, Complaint and Certificate of Compulsory Arbitration,** to:   **LISA FISCHER** as **RECEPTIONIST,** a person authorized to accept service for **THE STATE OF ARIZONA,  a municipal entity,** and informed said person of the contents therein, in compliance with State Statutes.

**Description** of Person Served: Age: 55, Sex: F, Race/Skin Color: White, Height: 5'4", Weight: 180, Hair: Grey, Glasses: Y

**Service Fee Items:**
    Standard Service of Process    $70.00
    Total    $70.00

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

**Gregory M Urroz, Process Server**
Maricopa County, #MC8253

**Maricopa County Process Service, PLLC**
**600 E Baseline Rd**
**Suite B6**
**Tempe, AZ 85283**
**(602) 424-7474**

Our Job Serial Number: GUR-2018004115
Ref: CV2018-097090 - State of AZ

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2n

ATTORNEY GENERAL'S OFFICE

DATE RECEIVED _Nov. 19, 2018_

TIME RECEIVED _10:47 /M_ Proc. Srvr

RECEIVED FROM _Gregory Cruz_ proc. srvr

SIGNED _L Tochie_

1  **Marc J. Victor, SBN 016064**
   **Jody L. Broaddus, SBN 020122**
2  ATTORNEYS FOR FREEDOM
3  3185 South Price Road
   Chandler, Arizona 85248
4  Phone: (480) 755-7110
   Fax: (480) 857-0150
5  Marc@AttorneyForFreedom.com
6  Jody@AttorneyForFreedom.com
   *Attorneys for Plaintiff*

ORIGINAL

7
8              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9                 **IN AND FOR THE COUNTY OF MARICOPA**

10
   NICHOLAS WILLARD SLATER and           Case No. CV 2018-097090
11 KELLY MARY SLATER, husband and wife,

12                  Plaintiff,
                                          **SUMMONS**
13 v.

14 THE STATE OF ARIZONA, a municipal
   entity; ALICIA NEMLOWILL and DOE
15 NEMLOWILL, wife and spouse; KEN
   DINQUEL and DOE DINQUEL, husband and       If you would like legal advice from a lawyer,
16 spouse,                                        Contact the Lawyer Referral Service at
                                                            602-257-4434
17                  Defendants.                                  or
                                                         www.maricopalawyers.org
18                                                           Sponsored by the
                                                       Maricopa County Bar Association
19 FROM THE STATE OF ARIZONA TO:

20       THE STATE OF ARIZONA.

21       1.    A lawsuit has been filed against you. A copy of the lawsuit and other court papers

22 are served on you with this "Summons".

23       2.    If you do not want a judgment or order taken against you without your input, you

24 must file an "Answer" or a "Response" in writing with the court, and pay the filing fee. If you do

25 not file an "Answer" or "Response" the other party may be given the relief requested in his/her

26

Petition or Complaint. To file your "Answer" or "Response" take, or send, the "Answer" or "Response" to the:

•     Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205, OR

•     Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032, OR

•     Office of the Clerk of Superior Court, 222 East Javelina Avenue, Mesa, Arizona 85210-6201, OR

•     Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

Mail a copy of your "Response" or "Answer" to the other party at the address listed on the top of this Summons.

3.     If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.     You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

•     601 West Jackson, Phoenix, Arizona 85003 • 18380 North 40th Street, Phoenix, Arizona 85032

•     222 East Javelina Avenue, Mesa, Arizona 85210 • 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

5.     Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

- 2 -

6.      Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

The names and address of plaintiff's attorney is:

ATTORNEYS FOR FREEDOM
3185 South Price Road
Chandler, Arizona 85248
(480) 755-7110

SIGNED AND SEALED THIS DATE: 10/26/18

CLERK OF COURT

Deputy Clerk

V. Martinez
Deputy Clerk

METHOD OF SERVICE:
____ Private Process Service
____ Sheriff or Marshall
____ Personal Service
____ Registered/Certified Mail (out of state)

- 3 -