**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas Willard Slater, et al., | No. CV-18-04251-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Pending before the Court is the motion to withdraw as counsel of record without client consent (Doc. 36) filed by Plaintiffs' counsel, attorneys Jody L. Broaddus and Marc J. Victor of the Attorneys For Freedom Law Firm (together, "Counsel").

Local Rule 83.3(b) provides various procedural requirements that must be met when an attorney withdraws from representation of a client (except for a change of counsel within the same law office) and further provides that the application to withdraw must set forth the reasons for the withdrawal. Here, the procedural requirements are met. As to the reason(s) for the withdrawal, Counsel avers that "professional considerations require termination and mandate withdrawal as counsel." (Doc. 36 at 1.)

Plaintiffs filed a response opposing withdrawal, stating that withdrawal of their counsel at this juncture would "put[] a huge financial burden" on them and "force [them] to represent [them]selves in the matter when [they] have no legal background or knowledge of how to navigate the legal system." (Doc. 38 at 1.) Plaintiffs further suggest that Counsel has been pressuring them into settling and that Counsel's attempt to

withdraw is intended to punish them for refusing to settle. (*Id.*)

In their reply, Counsel "absolutely denies [their] clients' characterization of the situation," but they maintain that their "ongoing duty of confidentiality under ER 1.6 prohibits elaborating." (Doc. 39 at 1.)

Ninth Circuit law suggests a "justifiable cause" standard applies when, as here, the client doesn't affirmatively consent to the withdrawal request. *Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941) ("An attorney may not, in the absence of the client's consent, withdraw from a case without justifiable cause; and then only after proper notice to his client, and on leave of the court."). "Justifiable cause" is not a terribly demanding standard, and the professional considerations listed in ER 1.16 will often satisfy it, so long as other factors don't outweigh those considerations. *Gagan v. Monroe*, 2013 WL 1339935, *4 (D. Ariz. 2013) ("Factors that a district court should consider when ruling upon a motion to withdraw as counsel include: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."); *Bohnert v. Burke*, 2010 WL 5067695, *2 (D. Ariz. 2010) ("Any factors that might support [counsel's] motion to withdraw are outweighed by the Court's responsibility to manage its own case load and ensure [fairness] to all parties. . . . [T]he Court finds that the interests of justice will be best served if [counsel] remains available to assist and try this case as he agreed to do when he entered his notice of appearance in 2009.").

Here, the Court is unable to determine how much Counsel's reasons weigh in favor of withdrawal because the Court has no idea what Counsel's reasons are. Moreover, the Court cannot weigh whether the reasons for withdrawal are outweighed by the harm withdrawal might cause to Plaintiffs or to the administration of justice without knowing those reasons. The Court appreciates Counsel's concerns regarding attorney-client privilege and confidentiality, but these concerns can be addressed. Courts often require attorneys to provide *ex parte* affidavits in support of withdrawal motions—this

technique ensures that the Court has all the information it needs to appropriately balance the withdrawal factors while still preserving the confidentiality of the attorney-client relationship. *See, e.g.*, *Sabre Int'l Security v. Torres Advanced Enterprise Solutions, LLC*, 219 F. Supp. 3d 155, 158-59 (D.D.C. 2016) ("Numerous courts have reviewed . . . affidavits under seal to ascertain the basis of the motion to withdraw without upsetting the attorney-client privilege."); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F.Supp.2d 164, 165-66 (E.D.N.Y. 2006) ("A review of the relevant case law demonstrates that documents in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and that this method is viewed favorably by the courts."). Thus, the Court will permit Counsel to file an *ex parte* affidavit under seal, explaining the reasons justifying withdrawal.

Counsel telephoned the Court this afternoon requesting expedited consideration of withdrawal in advance of the December 11, 2019 evidentiary hearing on Defendants' motion to enforce settlement agreement (Doc. 24). While the Court cannot promise to resolve the matter of withdrawal in advance of that hearing, it will attempt to do so.

Accordingly,

**IT IS ORDERED** that by **December 6, 2019**, Counsel may file an *ex parte* affidavit under seal, explaining the reasons justifying withdrawal.

Dated this 5th day of December, 2019.

Dominic W. Lanza
United States District Judge